THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER STRANGE, MAGEN MORRIS, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>LES SCHWAB TIRE CENTERS OF OREGON, INC., et al.,<br><br>    Defendant.<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>LES SCHWAB TIRE CENTERS OF WASHINGTON, INC., LES SCHWAB WAREHOUSE CENTER, INC.,<br><br>    Defendants. | CIVIL ACTION NO. 06-045-RSM<br><br><br><br><br><br>PROTECTIVE ORDER |

    Pursuant to the stipulation of the parties and to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ordered that the following provisions shall apply to all

STIPULATION AND PROTECTIVE
ORDER- 1
30076-0021/LEGAL12562669.1

**Perkins Coie LLP**
The PSE Building
10885 N.E. Fourth Street, Suite 700
Bellevue, WA  98004-5579
Phone:  (425) 635-1400
Fax:  (425) 635-2400

documents, information, or things furnished in the course of this litigation during discovery or otherwise, or specific portions thereof, that are designated by a party as "Confidential" (also referred to as "Confidential" materials) as further described below.

1. This Protective Order shall apply whether the materials or documents have been produced pursuant to formal discovery, by subpoena, or by agreement.

2. The term "documents" as hereinafter used includes but is not limited to writings, photographs, electronic media extracts, summaries thereof, and attachments thereto; answers to interrogatories; requests for admission and answers thereto; deposition transcripts and exhibits; answers to requests for production; and any portions of Court papers which quote from or summarize any of the foregoing.

3. All documents, information and/or things produced in this litigation, or specific portions thereof, may be marked or otherwise designated by the parties as "Confidential" if:

    (a) They contain financial or other proprietary information that is held confidential by either party;

    (b) They are part of an individual's applicant or personnel file or records, equal employment opportunity complaint or investigation file, or similar files, including the individual's identifying information (such as his or her name, address, telephone number, social security number, driver's license number, or bank account numbers) that a party to this litigation treats as confidential;

    (c) They describe, contain, or disclose internal corporate information that is legitimately held confidential within the corporation; or

    (d) They contain medical records or other health care information, even if said health care information is produced by a third party pursuant to stipulation or subpoena.

STIPULATION AND PROTECTIVE ORDER- 2
30076-0021/LEGAL12562669.1

**Perkins Coie LLP**
The PSE Building
10885 N.E. Fourth Street, Suite 700
Bellevue, WA  98004-5579
Phone:  (425) 635-1400
Fax:  (425) 635-2400

The determination of whether produced materials fall into one of the above categories shall be made in the first instance in good faith by the party from whom discovery is sought. If there is a disagreement between the parties as to whether particular produced materials have been properly designated as "Confidential," the parties may seek Court assistance to resolve the dispute in accordance with paragraph 11.

4. If either party determines to mark documents, information, or things as confidential, that shall be done by stamping each confidential page of said document with the notice "Confidential" prior to its production. In the case of non-documentary materials, "Confidential" shall be marked prominently on the item. Confidential documents or things shall be used by the receiving party only for the prosecution and/or defense of this litigation and for no other purpose.

5. Confidential documents, including deposition transcripts, may be referred to in interrogatory answers, motions, and briefs, and may be used at or in depositions; however, the parties shall confer regarding measures to protect such documents' confidentiality. If another party's Confidential documents are to be filed with the Court, used at trial, or used at any court hearing, then at least ten (10) days before the trial or hearing the party seeking to use such Confidential document shall notify the other party to give that party an opportunity to file a motion with the Court regarding the Confidential document.

6. Any document, information, or thing not designated as "Confidential" shall not be covered by this Order, <u>provided however</u>, that inadvertent production of any document, information or thing not designated "Confidential" shall not be deemed a waiver of confidentiality as to such matter, and a party thereafter may designate the same as "Confidential" promptly upon being advised or discovery of the inadvertent disclosure. Disclosure by any party of such matter prior to notice of the confidential nature thereof shall not be deemed a violation of this Protective Order.

STIPULATION AND PROTECTIVE
ORDER- 3
30076-0021/LEGAL12562669.1

**Perkins Coie LLP**
The PSE Building
10885 N.E. Fourth Street, Suite 700
Bellevue, WA  98004-5579
Phone:  (425) 635-1400
Fax:  (425) 635-2400

7.  Except as expressly provided for in this Protective Order, any "Confidential" document, information, or thing or portion thereof marked "Confidential," shall not be communicated or disclosed in any manner, either directly or indirectly, to any person or entity, except:

(a) Any party and their attorneys of record, associate counsel, paralegals, and office or other support staff assisting counsel in the conduct of this litigation;

(b) Any person who was an author or addressee of the document or who is shown on the document as having received a copy of it;

(c) The Court, jury, Court personnel, Court reporters, and similar persons;

(d) Employees of defendant consulted by counsel for purposes of assisting in the preparation, investigation, presentation of claims or defenses in this litigation, settlement, trial or appeal of this action;

(e) Any person whose deposition is noted or potential trial witness, as well as their counsel, when shown to such witness before or during his or her testimony, but (1) only to the extent counsel for the disclosing party determines in good faith that it is reasonably necessary to do so, and (2) subject to paragraph 9 below;

(f) Consultants and experts retained by any party for purposes of assisting in the preparation, investigation, or presentation of claims or defenses in this litigation, settlement, trial, or appeal of this action; or

(g) Any other person with the prior written consent of the party producing the document.

8.  Prior to being shown "Confidential" documents, any person falling within paragraph 7(e) through 7(g) hereof shall agree in writing to be bound by the terms of this order by signing an agreement to be found in the form of Attachment A hereto.

STIPULATION AND PROTECTIVE
ORDER- 4
30076-0021/LEGAL12562669.1

**Perkins Coie LLP**
The PSE Building
10885 N.E. Fourth Street, Suite 700
Bellevue, WA  98004-5579
Phone:  (425) 635-1400
Fax:  (425) 635-2400

9. A deponent may, prior to and/or during the deposition, be shown and examined about confidential documents in compliance with the provisions of paragraphs 7 and 8. Deponents shall not retain or copy any confidential documents not provided by them that were disclosed during their depositions or any portions of the transcript of their depositions that contain confidential information not provided by them.

10. Parties may, within 30 days after receiving a deposition transcript, designate pages of that transcript (and exhibits thereto not already designated Confidential) that comply with the criteria set forth in paragraph 3 as Confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with substantially the following legend: "Confidential-- Subject to protection pursuant to Court order." Until the expiration of the 30-day period, the entire deposition will be treated as subject to protection against disclosure under this order. If no party timely designates confidential information in a deposition, then none of the transcript or its exhibits not previously designated as Confidential will be treated as Confidential unless otherwise agreed by the parties or ordered by the Court; if a timely designation is made, and no objection is made by the other party, the Confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

11. If a party challenges the confidential designation of any document, information, or thing, it shall so notify the designating party in writing. The parties agree that before seeking any relief from the Court under this paragraph, they will make a good faith effort to resolve any disputes concerning the treatment of any "Confidential" materials. If the challenge is not resolved, the designating party will move the Court for a protective order seeking a Confidential designation for the material. If the designating party fails to move for a protective order within ten (10) days after good faith negotiations to resolve the challenge has ended, the material in question shall lose its Confidential designation.

STIPULATION AND PROTECTIVE ORDER- 5
30076-0021/LEGAL12562669.1

**Perkins Coie LLP**
The PSE Building
10885 N.E. Fourth Street, Suite 700
Bellevue, WA  98004-5579
Phone:  (425) 635-1400
Fax:  (425) 635-2400

12. No later than sixty (60) days following the "conclusion of these proceedings," as defined below, counsel and every person to whom "Confidential" material has been distributed shall return all "Confidential" material to counsel for the party producing them, together with all abstracts, copies, and other documents containing any information contained within the documents, including those portions of depositions designated as confidential pursuant to this Protective Order, excepting those materials which contain or reflect "Confidential" material but which constitute counsels' work product (and all copies thereof), which counsel shall destroy. The recipient party may, as an alternative, destroy the documents and provide opposing counsel with a declaration so indicating. "Conclusion of these proceedings" refers to the conclusion of this matter by trial or settlement and, if concluded by trial, the exhaustion of available appeals or the running of time for taking such appeals, as provided by applicable law.

13. Notwithstanding any of the foregoing provisions, if a Confidential document of one party makes reference to the conduct or affairs of any potential witness, counsel may discuss such conduct or affairs with the witness without revealing the document or that such document exists. Such discussion shall not constitute disclosure within the terms of this Protective Order.

14. Nothing in this Protective Order shall prevent any party or nonparty to this action from seeking modification of this Protective Order as to any specific document for good cause shown or from objecting to discovery which it believes to be otherwise improper.

**IT IS SO ORDERED** this __11___ day of December, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

STIPULATION AND PROTECTIVE ORDER- 6
30076-0021/LEGAL12562669.1

**Perkins Coie LLP**
The PSE Building
10885 N.E. Fourth Street, Suite 700
Bellevue, WA  98004-5579
Phone:  (425) 635-1400
Fax:  (425) 635-2400