UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER STRANGE, MAGAN MORRIS, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>LES SCHWAB TIRE CENTERS OF OREGON, INC., et al.,<br><br>        Defendants. | CASE NO. C06-045RSM<br><br>ORDER ON MOTION FOR CLASS CERTIFICATION |

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

        Plaintiff,

        v.

LES SCHWAB TIRE CENTERS OF WASHINGTON, INC., et al.,

        Defendants.

    This matter is now before the Court for consideration of plaintiff's motion for class certification. Dkt. # 49. The Court has fully considered the motion, defendants' opposition, and the record in this matter, and finds that the motion should be denied as untimely.

ORDER ON MOTION FOR CLASS CERTIFICATION - 1

DISCUSSION

Plaintiffs Jennifer Strange and Magan Morris initiated this action on January 11, 2006, by filing a complaint for employment discrimination under state and federal law against Les Schwab Tire Centers in seven western states. Dkt. # 1. Defendants responded with a motion to dismiss, and the parties then stipulated to strike that motion and allow plaintiffs to file an amended complaint, naming only the Les Schwab Tire Centers in Washington and Oregon. Dkt. ## 15, 18. At the same time, the case was consolidated with one filed against Les Schwab tire Centers by the Equal Employment Opportunity Commission ("EEOC"). Dkt. # 18. Plaintiffs' first amended complaint was filed July 18, 2006, and the EEOC's complaint, asserting claims under Title VII, 42 U.S.C. § 2000e-5, was filed on August 1, 2006.[1]

The parties requested, and were granted, a brief extension of time in which to conduct their Rule 26(f) conference and file their joint status report and discovery plan. The joint status report was duly filed on September 12, 2006. Dkt. # 29. In that report, the parties stated their agreement that a motion for class certification would be filed on March 30, 2007. *Id*. However, the Court's scheduling Order, setting a trial date of February 25, 2008, did not incorporate that agreement. Dkt. # 30. Neither did the subsequent scheduling orders, re-setting the trial date to August 25, 2008 and then to October 27, 2008. Dkt. #39, 47.

The rules of this Court require that a motion for class certification be filed "[w]ithin one hundred eighty days after the filing of a complaint in a class action, unless otherwise ordered by the court or provided by statute . . . " Local Rule CR 23(f)(3). One hundred eighty days from the filing of plaintiffs' amended complaint would have been around January 15, 2007, more than a year ago. Even if the Court were to consider the parties' agreed date of March 30, 2007, as controlling, plaintiffs' motion filed more than ten months later would still be untimely. While the time period for filing the motion may be extended "upon motion for good cause," plaintiff has neither moved for an extension nor shown good cause. Local Rule CR 23(f)(3). Instead, plaintiffs have simply asserted in reply that the motion is timely,

---

[1] The EEOC amended complaint requests injunctive relief and damages in the form of back pay for the two named plaintiffs and "similarly situated individuals".

ORDER ON MOTION FOR CLASS
CERTIFICATION - 2

without even acknowledging the effect of the local rule.  Dkt. # 57.

This matter has twice been reset for trial at the parties' request.  Each time, the parties stipulated that the date "shall not be subject to further alteration absent extraordinary circumstances."  Dkt. ## 39, 47.  This Court's local rules provide a date for class certification that is realistic in terms of trial preparation.  Were the class to be certified at this late date, in contravention of the local rule, the trial date would have to be changed yet again.  As the parties have requested twenty court days for their trial, re-setting the date would invariably cause conflict with other trials already set, and other matters of Court business.  The Court finds no justification offered by plaintiff for doing so, nor the extraordinary circumstances which would warrant yet another change in the trial date.

Denial of plaintiffs' motion on procedural grounds is not prejudicial to plaintiffs, as the Court's review of the motion leads to the conclusion that it would be denied on the merits in any case.  In determining whether to certify a proposed class, the Court does not consider the merits of the underlying action, but takes the substantive allegations of the complaint as true.  *Blackie v. Barrick*, 524 F. 2d 891, 901 (9th Cir. 1975); *cert. denied*, 429 U.S. 816 (1976).  In requesting certification, the plaintiffs need only establish that the proposed class meets the four prerequisites of F.R.Civ. P. 23(a), and that it also qualifies under one or more of the three subdivisions of F.R. Civ. P. 23(b).  *Hum v. Dericks, Jr.*, 162 F.R.D. 628, 633 (D. Hawaii, 1995); *citing Blake v. Arnett*, 663 F. 2d 906, 912 (9th Cir. 1981).  Plaintiffs request certification under Rule 23(b)(3), which requires that they demonstrate that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members" and that a class action "is superior to other available methods for fairly and efficiently adjudicating the controversy."  F.R.Civ. P. 23(b)(3).

Plaintiffs request class certification as to their state law discrimination claims (brought under both Washington and Oregon laws against discrimination) only.  Their proposed class consists of:

> All current and former female Les Schwab employees employed in Washington or Oregon who were or could have been qualified for promotion to Assistant Manager or Manager positions from January 11, 2003 to the present.

Proposed Order on Class Certification, Dkt. # 49-3.  The Court notes that the inquiry as to whether any individual female employee was, in the absence of discrimination, otherwise qualified for promotion is so

ORDER ON MOTION FOR CLASS
CERTIFICATION - 3

fact-specific that it cannot be said that common questions predominate.

Further, the Court should consider under this section the desirability of concentrating the litigation of these claims in this particular forum.  F.R.Civ.Pr. 23(b)(3)(C).  Given that plaintiffs seek class certification for claims brought under the laws of two different states, Washington and Oregon, and that the wrongs of which they complain may have been committed by defendant in all seven states originally named in the complaint, the Court cannot find that concentrating consideration of the state law claims in this forum is particularly desirable.   Nor would the Court find that the likely difficulties of managing the proposed class weigh in favor of class certification under  F.R.Civ.Proc. 23(b0(3)(D).

Accordingly, plaintiffs' motion for class certification is DENIED.

DATED this 7th day of May 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION FOR CLASS
CERTIFICATION - 4