THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER STRANGE, MAGEN MORRIS, on behalf of themselves and all other similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> LES SCHWAB TIRE CENTERS OF OREGON, INC., et al., <br><br> Defendants. <br><br> EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> LES SCHWAB TIRE CENTERS OF WASHINGTON, INC., et al., <br><br> Defendants. | No. C06-0045-RSM <br><br> **DEFENDANT LES SCHWAB WAREHOUSE CENTER INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> NOTE FOR MOTION CALENDAR: <br> Friday, November 28, 2008 |

DEFENDANT WAREHOUSE'S MOTION FOR PARTIAL
SUMMARY JUDGMENT

30076-0021/LEGAL14901648.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## I.  INTRODUCTION

Defendant Les Schwab Warehouse Center, Inc. ("Warehouse") moves pursuant to Federal Rule of Civil Procedure 56 to be dismissed as a defendant in this action. As explained below, Warehouse does not own or operate any of the Les Schwab Tire Centers ("retail tire stores") and does not control or employ any of the persons who work in those retail tire stores and who are the subject of this lawsuit. Further, there is no parent-subsidiary relationship between Warehouse and the Les Schwab companies that do own and operate those retail tire stores and employ and control the workers in the retail tire stores. As such, Warehouse cannot be subject to liability under Title VII of the Civil Rights Act of 1964 ("Title VII") or the Washington Law Against Discrimination ("WLAD"), and should be dismissed from this action.

## II.  FACTS

1.  In their First Amended Complaint (Dkt. 20), Jennifer Strange and Magen Morris named Les Schwab Tire Centers of Oregon, Inc., Les Schwab Tire Centers of Portland Inc., Les Schwab Tire Centers of Washington, Inc. and Warehouse as defendants.[1] Strange and Morris acknowledge that they were formerly employed in retail tire stores by Les Schwab Tire Centers of Washington, Inc. Id. ¶¶ 2.1-2.2.

2.  In its initial Complaint, the EEOC named Les Schwab Tire Centers of Washington, Inc. and Warehouse as defendants. Dkt. 24. In its First Amended Complaint, the EEOC added Les Schwab Tire Centers of Boise, Inc., Les Schwab Tire Centers of California, Inc., Les Schwab Tire Centers of Idaho, Inc., Les Schwab Tire Centers of Montana, Inc., Les

---

[1] In September 2008, Strange and Morris filed a Motion to Amend their First Amended Complaint to drop Les Schwab Tire Centers of Oregon, Inc. and Les Schwab Tire Centers of Portland, Inc. from their Complaint. Dkt. 77. Defendants have not opposed and anticipate that the Court will grant Strange and Morris' motion as to this request. Therefore, although Les Schwab Tire Centers of Oregon, Inc., also is not a proper defendant because it does not own or operate any retail tire stores or employ persons who work in those stores, it has not joined in this motion.

DEFENDANT WAREHOUSE'S MOTION FOR PARTIAL
SUMMARY JUDGMENT (NO. C06-0045-RSM) – 1

30076-0021/LEGAL14901648.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Schwab Tire Centers of Portland, Inc. Les Schwab Tire Centers of Nevada, Inc., and Les Schwab Tire Centers of Utah, Inc. as defendants. Dkt. 36.

3. In this lawsuit, the EEOC alleges that the Les Schwab defendants have engaged in a pattern or practice of intentional discrimination in violation of Title VII against women with respect to hiring and promotion. Specifically, the EEOC claims that, since January 2004, the Les Schwab defendants have discriminated against women with respect to (a) hiring into Sales & Service jobs and (b) promotion from Sales & Service to Assistant Manager, at over 300 retail tire stores in seven states. Strange and Morris, on the other hand, allege that they were retaliated against in violation of Title VII and the WLAD in connection with their employment.[2] Id. §§ VI-VII, X.

4. Les Schwab Tire Centers of Washington, Inc., Les Schwab Tire Centers of California, Inc., Les Schwab Tire Centers of Boise, Inc., Les Schwab Tire Centers of Idaho, Inc., Les Schwab Tire Centers of Montana, Inc., Les Schwab Tire Centers of Portland, Inc., Les Schwab Tire Centers of Nevada, Inc., and Les Schwab Tire Centers of Utah, Inc. (collectively, the "Tire Center companies") own and operate the retail tire stores and employ the workers in the retail tire stores in their respective states. For example, Les Schwab Tire Centers of Washington, Inc., owns and operates the retail tire stores in Washington and employs the persons who work in the retail tire stores in Washington. Declaration of Corey Parks ("Parks Decl."), at ¶2.

5. Warehouse has its own by-laws and Articles of Incorporation, each of the Tire Center companies has its own by-laws and Articles of Incorporation, and there is no parent-subsidiary relationship between Warehouse and any of the Tire Center companies. Id. ¶3. The

---

[2] Strange and Morris originally filed suit as purported class representatives of a class of women subject to a pattern-or-practice of discrimination in promotions, a claim rendered defunct by the Court's denial of class certification. See Dkt. 71, 72.

DEFENDANT WAREHOUSE'S MOTION FOR PARTIAL
SUMMARY JUDGMENT (NO. C06-0045-RSM) – 2

30076-0021/LEGAL14901648.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Tire Center companies do not act as an agent of Warehouse nor does Warehouse act as an agent of any of the Tire Center companies. Id. ¶4.

6. Warehouse provides certain financial and accounting services for the Tire Center companies for a fee as provided in Managerial and Administrative Services Agreements between Warehouse and each Tire Center company. Id. As set forth in those Agreements, each Tire Center company has the sole authority and right to manage its business activities, and is responsible for the day-to-day management, operation, and staffing of its retail tire centers. Id. Warehouse has no control or responsibility for the day-to-day management, operation or staffing of the retail tire centers. Id.

7. In its Requests for Production of Documents in this lawsuit, the EEOC asked for tax returns for all of the Les Schwab corporations it has named as defendants in its lawsuit. Declaration of Jeffrey A. Hollingsworth, at ¶2. Defendants agreed to provide returns for the Tire Center companies that are the employers of workers in the retail tire stores, but not for corporate entities (i.e., Warehouse) that have no retail tire store employees, as there is no parent-subsidiary relationship between these entities. Id. Defendants have offered (and remain willing) to provide a Rule 30(b)(6) witness to confirm the identity of the employer corporations and the lack of a parent-subsidiary relationship between them and Warehouse. Id. ¶3.

8. Rather than accept this offer, however, the EEOC instead filed a Motion to Compel production of tax records from Warehouse. Id.; Dkt. 94. Now, in light of this, Warehouse is filing this motion to be removed from the case.

DEFENDANT WAREHOUSE'S MOTION FOR PARTIAL
SUMMARY JUDGMENT (NO. C06-0045-RSM) – 3

30076-0021/LEGAL14901648.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## III. ARGUMENT

### A. Summary Judgment Standard

Pursuant to the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Cattrett, 477 U.S. 317, 320-23 (1986). That is the situation here, as Warehouse is not a proper party in this consolidated action.

### B. The Warehouse Corporation Does Not Employ The People Who Work In The Les Schwab Retail Tire Stores And Is Not A Proper Defendant

To hold Warehouse liable under Title VII, the EEOC must show that Warehouse is an "employer" within the meaning of that statute. Herman v. United Broth. of Carpenters and Joiners of America, Local Union No. 971, 60 F.3d 1375, 1383 (9th Cir. 1995) (citing Childs v. Local 18, Intern. Broth. of Elec. Workers, 719 F.2d 1379, 1383 (9th Cir. 1983) (abrogated on other grounds by Arbaugh v. Y & H Corp., 546 U.S. 500 (2006). Likewise, to hold Warehouse liable under the WLAD, Strange and Morris must show that Warehouse is their "employer" within the meaning of that statute. See RCW 49.60.040(3); Jenkins v. Palmer, 116 Wn. App. 671, 675, 66 P.3d 1119 (2003); Patten v. Ackerman, 68 Wn. App. 831, 834-35, 846 P.2d 567 (1993). They cannot do so. Strange, Morris, and any class member on whose behalf the EEOC seeks relief were not employed by (or, in the case of applicants, has not applied for or been denied employment with or by) Warehouse. Rather, they were employed by—or applied for and were denied employment with or by—the Tire Center companies for each respective state. Thus, for example, Washington store employees like Strange and Morris were employed by Les

DEFENDANT WAREHOUSE'S MOTION FOR PARTIAL
SUMMARY JUDGMENT (NO. C06-0045-RSM) – 4

30076-0021/LEGAL14901648.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Schwab Tire Centers of Washington, Inc. and persons who submitted unsuccessful applications to Washington stores applied for employment with Les Schwab Tire Centers of Washington, Inc. Again, there is no parent-subsidiary relationship between Warehouse and this or any other Tire Center companies. Parks Decl. at ¶3.

## IV.  CONCLUSION

For the foregoing reasons, Les Schwab Warehouse Center, Inc., respectfully requests that it be dismissed with prejudice as a party to this lawsuit.

RESPECTFULLY SUBMITTED this 6th day of November, 2008

s/ Jeffrey A. Hollingsworth, WSBA #11853
Jeffrey A. Hollingsworth, WSBA #11853
Charles N. Eberhardt, WSBA #18019
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206-359-8000
Fax:  206-359-9000
E-mail:  JHollingsworth@perkinscoie.com

Kenneth J. Diamond, WSBA #27009
**Winterbauer & Diamond, P.L.L.C.**
1200 – 5th Avenue, Suite 1910
Seattle, WA  98101
Telephone:  (206) 676-8440
Fax:  (206) 676-8441
Email:  Ken@winterbauer.com

Attorneys for Defendants

DEFENDANT WAREHOUSE'S MOTION FOR PARTIAL
SUMMARY JUDGMENT (NO. C06-0045-RSM) – 5

30076-0021/LEGAL14901648.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury under the laws of the State of Washington that, on November 6, 2008, he caused to be served on the persons listed below in the manner shown:

DEFENDANT WAREHOUSE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

☐ United States Mail, First Class

☐ By Messenger

☐ By Facsimile

☒ By eFiling

| | |
|---|---|
| Mr. Warren E. Martin<br>Gordon, Thomas, Honeywell,<br>Malanca, Peterson & Daheim LLP<br>Suite 2100, One Union Square<br>600 University Street<br>Seattle, WA 98101<br><br>*Attorney for Plaintiffs Strange & Morris* | Mr. John F. Stanley<br>Mr. Damien A. Lee<br>U.S. Equal Employment Opportunity Commission<br>Seattle District Office<br>Federal Office Building, Suite 400<br>909 First Avenue<br>Seattle, WA 98104-1061<br><br>*Attorneys for Plaintiff EEOC* |

Dated at Seattle, Washington, this 6th day of November, 2008.

s/Jeffrey A. Hollingsworth, WSBA # 11853
State Bar Number: 11853
Attorneys for Defendants
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Fax: (206) 359-9000
E-mail: JHollingsworth@perkinscoie.com

CERTIFICATE OF SERVICE (NO. C06-0045-RSM) – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

30076-0021/LEGAL14901648.1