THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER STRANGE, MAGEN MORRIS, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LES SCHWAB TIRE CENTERS OF WASHINGTON, INC., LES SCHWAB WAREHOUSE CENTER, INC.,<br><br>Defendants. | NO. CV 06-0045RSM<br><br>LES SCHWAB DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT |

## I.   ANSWER

Defendants Les Schwab Tire Centers of Washington, Inc., and Les Schwab Warehouse Centers, Inc. ("Defendants") answer plaintiffs' Second Amended Complaint ("Second Amended Complaint") as follows:

1.1     The allegations in this paragraph are admitted.

1.2     The allegations in this paragraph are admitted.

1.3     The allegations in this paragraph are admitted.

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

1.4     In response to the first sentence of this paragraph, Defendants admit that plaintiffs purport to have asserted claims under Title VII of the Civil Rights Act of 1964. The second sentence states a legal conclusion and is therefore denied.

1.5     Defendants deny the allegations in the first sentence of this paragraph. The second sentence states a legal conclusion and is therefore denied.

1.6     This paragraph states a legal conclusion and is therefore denied.

2.1     Defendants admit the allegations in this paragraph.

2.2     Defendants admit the allegations in this paragraph.

2.3     Defendants deny the allegations in this paragraph.

3.1     Defendants deny any discrimination against plaintiffs or any other women based on gender, deny that any of the requirements of Rule 23 of the Federal Rules of Civil Procedure are or can be met, note that the Court has twice denied plaintiffs' motion for class certification, and deny any other allegations in this paragraph.

3.2     Defendants deny the allegations in this paragraph.

3.3     Defendants deny the allegations in this paragraph.

3.4     Defendants deny the allegations in this paragraph.

3.5     Defendants deny the allegations in this paragraph.

3.6     Defendants deny the allegations in this paragraph.

4.1     Defendants admit that Les Schwab Tire Centers of Washington, Inc., operates 103 tire stores under the name Les Schwab Tire Centers in Washington. Defendants deny that Les Schwab Warehouse Center, Inc., operates (or operated, during the relevant time period) any tire stores in any state. Defendants deny any remaining allegations in this paragraph.

4.2     Defendants admit that each of their retail tire stores has a Manager, that each store typically has one or two Assistant Managers, and that each store also has employees in a position entitled "Sales and Administration" and a position entitled "Sales and Service," among other positions. Defendants further admit that the Sales and Administration position encompasses,

DEFENDANTS' ANSWER TO SECOND AMENDED
COMPLAINT (NO. CV 06-0045RSM) - 2
30076-0021/14937695_1.DOC

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

among other things, office and clerical work, and the Sales and Service position encompasses tire sales, tire installation, and related physical work on automobiles, trucks, farm machinery, and other vehicles and equipment. Defendants deny that Les Schwab Warehouse Center, Inc., employs (or employed, during the relevant time period) any employees in any of these enumerated positions. Defendants deny any remaining allegations in this paragraph.

4.3     Defendants admit that some entity known as Les Schwab Tire Centers has been in business for more than 50 years and deny any remaining allegations in the first sentence of this paragraph. Defendants deny any remaining allegations in this paragraph.

4.4     Defendants admit that the positions of Assistant Manager and Manager require extensive prior experience in the Sales and Service position, and that all promotions to the positions of Assistant Manager and Manager are made from within. Defendants deny any remaining allegations of this paragraph.

4.5     Defendants deny the allegations in this paragraph.

4.6     Defendants deny the allegations in this paragraph.

5.1     As to the first sentence of this paragraph, Defendants admit that plaintiffs Strange and Morris filed charges with the EEOC and state that the charges speak for themselves and are the best evidence of their contents. Defendants admit the allegations in the second sentence. The third sentence states a legal conclusion and is therefore denied.

6.1     Defendants incorporate their responses to paragraphs 1.1 through 5.1 of the Second Amended Complaint.

6.2     This paragraph requires no response.

6.3     Defendants deny the allegations in this paragraph.

6.4     Defendants deny the allegations in this paragraph.

6.5     Defendants deny the allegations in the first sentence of this paragraph. The allegations in the second sentence require no response.

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

7.1    Defendants incorporate their responses to paragraphs 1.1 through 6.5 of the Second Amended Complaint.

7.2    This paragraph requires no response.

7.3    Defendants deny the allegations in this paragraph.

7.4    Defendants deny the allegations in this paragraph.

7.5    Defendants deny the allegations in the first sentence of this paragraph.  The allegations in the second sentence require no response.

8.1    Defendants incorporate their responses to paragraphs 1.1 through 7.5 of the Second Amended Complaint.

8.2    This paragraph require no response.

8.3    Defendants deny the allegations in this paragraph.

8.4    Defendants deny the allegations in this paragraph and note, specifically, that the Court has twice denied plaintiffs' motion for class certification and that the Court's Order on Pending Motions (Dkt. #106, at 3, lines 17-19) contemplates that plaintiffs' Second Amended Complaint would delete this "pattern and practice" claim.

8.5    Defendants deny the allegations in this paragraph.

8.6    This paragraph requires no response.

9.1    Defendants incorporate their responses to paragraphs 1.1 through 8.6 of the Second Amended Complaint.

9.2    This paragraph requires no response.

9.3    Defendants admit that Jennifer Strange was formerly employed by a Les Schwab Tire Center in the State of Washington.  Defendants deny the remaining allegations in this paragraph.

9.4    Defendants admit that Magen Morris was formerly employed by one, or more, Les Schwab Tire Center in the State of Washington.  Defendants deny the remaining allegations in this paragraph.

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

9.5    Defendants deny the allegations in this paragraph.

9.6    Defendants deny the allegations in this paragraph.

9.7    Defendants deny the allegations in this paragraph.

9.8    Defendants deny the allegations in this paragraph.

9.9    This paragraph requires no response.

10.1-8 Defendants deny that the class or classes alleged by Plaintiffs exist or that any of the requirements of Rule 23 of the Federal Rules of Civil Procedure are or can be satisfied. Defendants further deny that Plaintiffs are entitled to any of the relief requested in these paragraphs or to any other relief, and deny any remaining allegations in these paragraphs.

11.1    Any allegations not expressly admitted herein are denied.

## II.    DEFENSES AND AFFIRMATIVE DEFENSES

By way of further answer, Defendants state the following defenses and affirmative defenses:

1.    Plaintiffs (hereinafter inclusive of all purported class members, except as otherwise indicated) fail to state a claim upon which relief may be granted.

2.    Plaintiffs lack standing to raise some or all of the claims of the purported class members.

3.    Plaintiffs' claims on behalf of the purported class are barred by plaintiffs' failure to meet all four of the mandatory requirements of Fed. R. Civ. P. 23(a), or any of the requirements of Fed. R. Civ. P. 23(b).

4.    The claims alleged by the named plaintiffs are neither common nor typical of those, if any, of the members of the purported class.

5.    The named plaintiffs are inadequate representatives of the purported class.

6.    The types of claims alleged by plaintiffs are matters in which individual questions predominate and, accordingly, are not appropriate for class treatment.

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

7.    Plaintiffs have failed to identify a pattern or practice of discrimination against plaintiffs.

8.    The employment actions taken by Defendants with respect to the plaintiffs were based upon legitimate, non-discriminatory factors other than gender.

9.    Defendants deny that gender or any other impermissible factor played any role in any employment decision made pursuant to any policy or procedure plaintiffs are or may be challenging.

10.    Plaintiffs' claims are barred to the extent that the alleged unlawful actions of Defendants' agents, employees and representatives, if they occurred, were not actions taken within the course and scope of their employment.

11.    Plaintiffs' claims for punitive damages are barred under Washington law.

12.    Plaintiffs have failed to comply with their duty to mitigate alleged losses (their entitlement to recovery for which is expressly denied); alternatively, any claim for relief must be set off and/or reduced by wages, compensation, pay and benefits, or other earnings or remunerations, profits and benefits received by plaintiffs.

13.    In the event that the Court or a jury should ever conclude that gender was a motivating factor in any of the employment decisions challenged by plaintiffs, which Defendants expressly deny, Defendants affirmatively aver that the same decisions would have been made absent consideration of any impermissible factor(s).

14.    Plaintiffs' claims, or some of them, are barred by applicable statutes of limitation.

15.    Plaintiffs' claims are barred by the doctrines of estoppel and waiver.

16.    Plaintiffs' claims are barred, in whole or part, by their failure to undertake reasonable measures to avoid alleged consequences of the alleged actions about which they complain.

WHEREFORE, having fully answered the Second Amended Complaint, Defendants respectfully request that:

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

1.      The Second Amended Complaint be dismissed with prejudice;

2.      Defendants be awarded the costs, disbursements and attorneys' fees they incur herein;

3.      Defendants be granted permission to amend the Answer to conform with the proof; and

4.      Defendants be granted such other relief as this Court deems just and equitable.

DATED this 3rd day of December 2008.

s/ Jeffrey A. Hollingsworth
Jeffrey A. Hollingsworth, WSBA #11853
Charles N. Eberhardt, WSBA #18019
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206-359-8000
Fax: 206-359-9000
E-mail:  JHollingsworth@perkinscoie.com

Kenneth J. Diamond, WSBA #27009
**Winterbauer & Diamond, P.L.L.C.**
1200 – 5th Avenue, Suite 1910
Seattle, WA  98101
Telephone:  (206) 676-8440
Fax:  (206) 676-8441
Email:  Ken@winterbauer.com

Attorneys for Defendants

DEFENDANTS' ANSWER TO SECOND AMENDED
COMPLAINT (NO. CV 06-0045RSM) - 7
30076-0021/14937695_1.DOC

## CERTIFICATE OF SERVICE

On December 3rd, 2008, I caused to be served upon counsel of record, at the address stated below, via the method of service indicated, a true and correct copy of the foregoing document:

**Defendants' Answer to Second Amended Complaint**

| | |
|---|---|
| Mr. John F. Stanley | ___ Via hand delivery |
| Mr. Damien A. Lee | ___ Via U.S. Mail, 1st Class, |
| U.S. Equal Employment Opportunity Commission | Postage Prepaid |
| Seattle District Office | ___ Via Overnight Delivery |
| Federal Office Building, Suite 400 | ___ Via Facsimile |
| 909 First Avenue | **X** Via E-filing |
| Seattle, WA 98104-1061 | |

*Attorneys for Plaintiff EEOC*

| | |
|---|---|
| Mr. Warren E. Martin | ___ Via hand delivery |
| Gordon, Thomas, Honeywell, | ___ Via U.S. Mail, 1st Class, |
| Malanca, Peterson & Daheim LLP | Postage Prepaid |
| Suite 2100, One Union Square | ___ Via Overnight Delivery |
| 600 University Street | ___ Via Facsimile |
| Seattle, WA 98101 | **X** Via E-filing |

*Attorney for Plaintiffs Strange & Morris*

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED at Seattle, Washington, December 3rd, 2008.

s/Jeffrey A. Hollingsworth
State Bar Number: 11853
Attorney for Defendants
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Fax: (206) 359-9000
E-mail: JHollingsworth@perkinscoie.com

CERTIFICATE OF SERVICE (NO. CV 06-0045RSM) - 1
30076-0021/14937695_1.DOC