UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER STRANGE, MAGAN MORRIS, on
behalf of themselves and all others similarly
situated,

               Plaintiffs,

       v.

LES SCHWAB TIRE CENTERS OF OREGON,
INC., et al.,

               Defendants.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

               Plaintiff,

       v.

LES SCHWAB TIRE CENTERS OF
WASHINGTON, INC., et al.,

               Defendants.

CASE NO. C06-045RSM

ORDER ON MOTION TO COMPEL
AND MOTION FOR A PROTECTIVE
ORDER

     This matter is now before the Court for consideration of defendant Les Schwab Tire Center's

motion to compel discovery (Dkt. # 127), together with plaintiff's related motion for a protective order

(Dkt. # 133).   Having considered the motions, responses and replies, together with attached

declarations, the Court finds and rules as follows:

ORDER - 1

1    (1) Motion for Protective Order

2    Plaintiff seeks a protective order from the discovery sought in defendants' motion.  Defendants

3    have moved to strike the motion for a protective order on the basis that it was improperly noted and did

4    not include a proper Rule 26(c)(1) certification of an effort to meet and confer.  Plaintiff argues that these

5    errors and omissions  are simple technicalities that should be overlooked, but the Court finds otherwise.

6    The motion to strike shall be GRANTED, and the motion for a protective order (Dkt. # 133) is hereby

7    STRICKEN.   This is not prejudicial to plaintiff as the merits of her arguments are repeated in her

8    opposition to the motion to compel, and shall be duly considered there.

9    (2) Motion to Compel

10    Defendants' motion to compel seeks production of plaintiff's medical records from doctors who

11    performed two knee surgeries in 2003-2004, namely Dr. Roger Larson and Dr. Steven Yamamoto.  They

12    also seek records from a doctor who treated plaintiff for plantar fasciitis 2005, Dr. Mark Nellermoe.

13    After plaintiff pointed out in her motion for a protective order that this last treatment was after she left

14    defendants' employ, defendants abandoned their request for the records from Dr. Nellermoe.  As to those

15    records, then, the motion to compel shall be DENIED without further discussion.

16    As to the medical records regarding plaintiff's two knee surgeries, defendants assert that the

17    medical records "go to the heart of plaintiff['s]  . . . promotion claim" because she must demonstrate as

18    part of her prima facie case of discrimination that she was capable of performing all essential functions of

19    the sales and service position which she sought.   Dkt. # 134, p. 1, 4.   However, as defendants admit in

20    arguing their position, the evidence of plaintiff's knee surgery, which they acquired in the course of this

21    litigation, is "after-acquired evidence" which is appropriately used to rebut plaintiff's prima facie case.

22    *See*, *Montolete v. Bolger,* 767 F. 2d 1416, 1424 (9th Cir. 1985*)*.   For that purpose, only the fact of

23    plaintiff's knee surgery, the dates of her two surgeries, and notes of any follow-up visits which indicate

24    the state of her recovery at the time she asked to be considered for a sales and service position are

25    relevant to defendants' rebuttal case.

26    Although plaintiff asserts that her medical records are protected by the Washington State

27    physician-patient privilege, RCW 5.60.060(4), that state-created privilege does not apply in cases brought

28    under federal law, such as Title VII.  Further, to the extent that the privilege does apply to plaintiff's state

ORDER - 2

law claims, she waived the privilege as to relevant information by putting her physical condition at issue in her deposition. *Loudon v. Mhyre*, 110 Wash. 2d 675, 678 (1988) (en banc).

Accordingly, defendants' motion to compel production of plaintiff's medical records (Dkt. # 127) is GRANTED IN PART and DENIED IN PART.   Plaintiff shall provide, within ten days of the date of this Order, responsive answers to interrogatories regarding the dates of her surgeries, together with copies of her medical records from the two orthopedic surgeons, limited in date to the period surrounding her request for a sales and service position.  As plaintiff has identified the time of her request only as sometime during her employment at the SeaTac location, the provided medical records shall run from the starting date to the ending date of her employment at SeaTac.  In the event plaintiff cannot obtain the relevant medical records from her two doctors, she shall provide a medical release to defendants for records from the two doctors during the specified time period.  Such records are subject to the confidentiality requirements of the protective order already in place between the parties.  (Dkt. # 33).

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, when a motion to compel is granted, the Court must, after affording an opportunity to be heard, require the party whose conduct necessitated the motion, or the attorney advising such conduct, or both, to pay to the moving party the reasonable expenses incurred in bring the motion, including attorneys' fees, unless the Court finds that the nondisclosure or objections were substantially justified, or other circumstances make an award of expenses unjust.  F.R.Civ.Proc. 37(a)(5)(A).  Defendants have requested an award of such fees and expenses.

Accordingly, defendant shall submit, within two weeks of the date of this order, a statement of fees and expenses.  Plaintiff shall have two weeks thereafter to show cause, in accordance with Rule 37 (a)(5)(A), why an award of such fees and expenses would be unjust.

DATED this 9 Day of June 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 3