1

2

3

4

5

6                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
7                              AT SEATTLE

8   JENNIFER STRANGE, MAGAN MORRIS, on
    behalf of themselves and all others similarly
9   situated,                                              CASE NO. C06-045RSM

10                 Plaintiffs,                             ORDER ON MOTION FOR PARTIAL
                                                           SUMMARY JUDGMENT ON
11           v.                                            PROMOTION CLAIM

12  LES SCHWAB TIRE CENTERS OF OREGON,
    INC., et al.,
13
                   Defendants.
14

15
    EQUAL EMPLOYMENT OPPORTUNITY
16  COMMISSION,

17                 Plaintiff,

18           v.

19  LES SCHWAB TIRE CENTERS OF
    WASHINGTON, INC., et al.,
20
                   Defendants.
21

22

23         This matter is before the Court for consideration of defendants' motion for partial summary

24  judgment on plaintiff EEOC's promotion claim. Dkt. # 139. Plaintiffs have opposed the motion. Dkt.

25  ## 146, 150. The Court has fully considered the parties' memoranda and relevant exhibits and, for the

26  reasons set forth below, shall grant the motion.

27

28                                          BACKGROUND

    ORDER ON MOTION FOR PARTIAL
    SUMMARY JUDGMENT - 1

1    This is but one of five motions for partial summary judgment filed by defendants. Dkt. ## 154,

2    156, 160, 163. The facts will be only briefly summarized, as they are well known to the parties. They

3    have been litigating this matter, with several extensions of the trial date, for more than three years. Trial

4    is now set to begin September 14, 2009.

5       This action was originally brought as a class action by two individual plaintiffs, Magen Morris

6    and Jennifer Strange, both former employees of defendant Les Schwab Tire Centers in Washington.

7    Their Second Amended Complaint asserts claims of retaliation and constructive discharge under Title

8    VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*., together with Washington

9    State law claims of discrimination in defendants' hiring and promotion practices. Dkt. # 113. The

10   individual plaintiffs' request for class certification has been denied. Dkt. ## 62, 71.

11      Before filing suit, plaintiffs fulfilled the Title VII administrative prerequisites by filing charges

12   with the Equal Employment Opportunity Commission ("EEOC"). The EEOC found cause to believe

13   that defendants Les Schwab Tire Centers of seven western states (collectively, "Les Schwab") had

14   violated Title VII by discriminating against Ms.Morris, Ms. Strange, and similarly situated females on

15   the basis of sex, by failing to hire them into Sales and Service positions in the company, and by failing

16   to provide training opportunities and promotion to management. The EEOC filed a separate action on

17   behalf of the individual plaintiffs and all similarly situated individuals, and the cases have been

18   consolidated for trial. Dkt. # 36. Both the individual plaintiffs and the EEOC base their allegations on

19   the fact that Les Schwab selects individuals for promotion to management only from the employees

20   working in Sales and Service, which involves installation of tires and other physical work. While Les

21   Schwab has many female employees, historically they have worked in Sales and Administration, a

22   clerical position which does not involve physical labor of installing tires. Until recently, there were few,

23   if any, females employed in Sales and Service, and therefore eligible for promotion to management

24   position. The operative onset date for the EEOC discrimination claims is January 1, 2004. *Id*., ¶ 7.

25      In this motion, defendants move for summary judgment on the EEOC promotion claim,

26   contending that plaintiff has no evidence to establish a pattern or practice of discrimination against

27   females in connection with promotion to management positions. Defendants do not dispute that Les

28

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT - 2

Schwab promotes employees to management positions only from the Sales and Service position, not from other positions within the company such as Sales and Administration, or Brake and Alignment. Defendants contend that the scarcity of women in management positions within the company simply reflects the low numbers of women who work in Sales and Service and are eligible for promotion. As defendants admit, "Sales and Service employees and Brake and Alignment technicians are overwhelmingly male, and Sales and Administration employees are overwhelmingly female." Dkt. # 139, p. 4. Plaintiff EEOC asserts that this disparity reflects a pattern and practice of intentionally excluding women from the promotion-eligible Sales and Service position. Plaintiffs oppose the motion for summary judgment with statistical and anecdotal evidence, as well as materials from company founder Les Schwab and more recent company employment practice manuals.

DISCUSSION

**I. Standard of Review**

Summary judgment should be rendered "if the pleadings, discovery and disclosure material on file, and any affidavits show there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The evidence is viewed in the light most favorable to the non-moving party. *Id*. "[S]ummary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy Corp. v. Square D Co.*, 68 F. 3d 1216, 1221 (9th Cir. 1995). It should also be granted where there is a "complete failure of proof concerning an essential element of the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient" to prevent summary judgment. *Triton Energy Corp.*, 68 F. 3d at 1221.

**II. Analysis**

A plaintiff alleging disparate treatment under Title VII must first establish a prima facie case of discrimination by offering evidence that "give[s] rise to an inference of unlawful discrimination." *Tex.*

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT - 3

*Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). A plaintiff may establish a prima

facie case either by meeting the four-part test laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S.

792, 802 (1973), or by providing direct evidence suggesting that the employment decision was based on

an impermissible criterion. *Cordova v. State Farm Ins. Co.*, 124 F.3d 1145, 1148 (9th Cir. 1997).  Once

a prima facie case has been made, "[t]he burden of production, but not persuasion, then shifts to the

employer to articulate some legitimate, nondiscriminatory reason for the challenged action." *Chuang v.*

*Univ. of Cal. Davis*, 225 F.3d 1115, 1123-24 (9th Cir. 2000). If the employer does so, the plaintiff must

then show that the articulated reason is pretextual "either directly by persuading the [fact-finder] that a

discriminatory reason more likely motivated the employer or indirectly by showing that the employer's

proffered explanation is unworthy of credence." *Burdine*, 450 U.S. at 256. When the evidence is direct,

"'[w]e require very little evidence to survive summary judgment' in a discrimination case." *Lam v.*

*Univ. of Hawaii*, 40 F.3d 1551, 1564 (9th Cir. 1994) (quoting *Sischo-Nownejad v. Merced Cmty. Coll.*

*Dist.*, 934 F.2d 1104, 1111 (9th Cir. 1991)) (alteration in original). "But when the plaintiff relies on

circumstantial evidence, that evidence must be specific and substantial to defeat the employer's motion

for summary judgment." *Coghlan v. Am. Seafoods Co. LLC*, 413 F.3d 1090, 1095 (9th Cir. 2005)

(internal quotation marks omitted).

   To establish a prima facie case of a pattern and practice of discrimination, the burden is on

plaintiffs to establish by a preponderance of the evidence that discrimination was the employer's

"standard operating procedure---the regular rather than the unusual practice." *International Brotherhood*

*of Teamsters v. United States*, 431 U.S. 324, 336 (1977). That burden may be satisfied solely on the

basis of statistical evidence. *United States v. Fresno Unified School District*, 592 F.2d 1088, 1096 n. 5

(9th Cir. 1979); *United States v. Ironworkers Local 86*, 443 F.2d 544, 551 (9th Cir.) *cert. denied*  404

U.S. 984 (1971). Such a view is necessitated by the reality that "[i]n many cases the only available

avenue of proof is the use of [] statistics to uncover clandestine and covert discrimination by the

employer or union involved." *Id*.

   Defendants have addressed plaintiffs' hiring and promotion claims separately, in separate

motions for summary judgment.  The contention in this motion that the EEOC has no evidence to

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT - 4

1   support a pattern or practice claim as to promotion is based on three arguments: (1) The EEOC has no

2   statistical evidence as to Les Schwab's promotion practices; (2) there are no confirmed members of the

3   EEOC class other than Ms. Strange and Ms. Morris who claim that they ever sought or were denied a

4   promotion to management; and (3) the EEOC has no witnesses other than Ms. Strange and Ms. Morris

5   to testify at trial as to the promotion claim.  These will be addressed separately.

6            (1) Statistical Evidence.

7            Defendants correctly assert that plaintiff's expert Dr. Janice Madden addresses only the pattern

8   and practice of **hiring** in her report, and provides no analysis at all as to **promotions**.  In her deposition,

9   Dr. Madden admitted that her statistical analysis addressed only hiring practices, not promotion.

10  However, plaintiff contends that statistical analysis of promotions is not meaningful or necessary

11  because "it is undisputed that Defendants had never employed a female as a store manager or assistant

12  manager at any of its 353 tire stores prior to the filing of the October 2004 EEOC charges."  Plaintiff's

13  Response, Dkt. # 150, p. 17.  As of January 1, 2005, of more than 800 managers and assistant managers,

14  "not a single one was female."  *Id*.  According to plaintiff, this "inexorable zero," in and of itself, creates

15  a prima facie case of discrimination.  *Id*., *citing International Brotherhood of Teamsters v. U.S.*, 431

16  U.S. 324 (1977).

17           The Ninth Circuit Court of Appeals has noted the meaning and effect of the "inexorable zero":

18           In Title VII jurisprudence, the practice of excluding all individuals of a particular [protected]
             group is referred to as the phenomenon of the "inexorable zero". . . . [T]he courts have
19           been particularly dubious of attempts by employers to explain away the inexorable zero when
             the hiring columns are totalled.  Existence of the "inexorable zero" in Title VII cases raises
20           the judicial eyebrow.

21  *Kesser v. Cambra*, 392 F.3d 327, 346 n. 4 (9th Cir. 2004) (citations and internal quotations omitted).  As

22  to the promotion claim, however, the circumstances when properly considered are not as suspicious as

23  to raise eyebrows.

24           Following a showing of a prima facie case of discrimination, the burden shifts to the employer to

25  defeat the prima facie case by demonstrating that the "proof is either inaccurate or insignificant" or by

26  providing "a nondiscriminatory explanation for the apparently discriminatory result." *Teamsters*, 431

27  U.S. at 360-361, n. 46. This burden may be met either by refuting plaintiffs' statistics, or by

28

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT - 5

demonstrating that the discriminatory results are the product of job related requirements which have "a manifest relationship to the employment in question." *Id.* at 340; *Dothard v. Rawlinson*, 433 U.S. 321, 329 (1977); *Griggs v. Duke Power Co.*, 401 U.S. 424, 432 (1971). Even if the Court were to accept plaintiffs' assertion that the "inexorable zero" creates a prima facie case of discrimination against women, defendants have successfully rebutted it by demonstrating the flaws in the EEOC argument as to the promotion claim.

Statistical evidence, for which plaintiff EEOC offers the "zero" as a substitute, is only probative where it considers disparity between a protected group's representation in an employer's work force (here, the management level), and that same group's representation in the community from which employees are hired (or, as here, promoted). *Hazelwood School Dist. v. United States*, 433 U.S. 299 (1977). As the Supreme Court has made clear, properly identifying the relevant labor market is the key ingredient in proving Title VII discrimination through the use of statistics. "The proper comparison is between the [gender] composition of the at-issue jobs and the [gender] composition of the qualified population in the relevant labor market." *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 650 (1989); *citing Hazelwood,* 433 U.S. at 308.

There was in 2004 no significant disparity between the gender composition of the at-issue jobs (management) and the gender composition of the population of qualified employees from which managers were promoted (the Sales and Service employees). As defendants themselves have noted, Sales and Service employees are "overwhelmingly male." In the absence of a significant disparity between the number of women in the management force and the number of women in the population from which managers are promoted (both numbers are at or near zero), the Court cannot find statistical proof of a pattern and practice of discrimination in promotion.

Plaintiff EEOC contends that in adopting this argument set forth by defendants, the Court misses the broader picture. The Court is mindful that part of plaintiffs' claim arises from the scarcity of women at the management level. That scarcity is a direct consequence of defendants' policy of promoting exclusively from the Sales and Service position, which itself has very few females. The EEOC has neither challenged that policy decision, nor asserted a claim of disparate impact based on that policy.

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT - 6

As between a disparate treatment and a disparate impact model, although it is clear that the same set of facts can support both theories of liability, it is important to treat each model separately because each has its own theoretical underpinnings. *Teamsters,* 431 336 n. 15. Specifically, the disparate treatment model pled here requires proof of the defendants' subjective state of mind, a proof notably lacking from the statistical evidence on the promotion claim. *Id.*

The Court finds no proof of a pattern or practice of discrimination against women in selection for promotion to management in plaintiffs' "inexorable zero," as the argument fails to consider the relevant "employee pool" factors under *Wards Cove*. The absence of women from that employee pool (the Sales and Service position) is a matter to be considered under the EEOC's hiring claim, not the promotion claim.

(2) Promotion Class Members

An EEOC Title VII suit that seeks relief for persons other than the original charging parties is in the nature of a class action, although it is exempt from Rule 23 certification requirements. *General Telephone v. EEOC*, 446 U.S. 318 (1980). However, in order to vindicate rights of others than the two original plaintiffs, the EEOC must identify additional class members. Defendants requested by interrogatory that the EEOC identify those women who sought or applied for a transfer to a Sales and Service position, training, or promotion to a management position but were denied or dissuaded from the transfer, training or promotion due to their sex. In response, the EEOC identified, as potential class members on the promotion claim, ninety-seven women, all of whom are current or former employees in the Sales and Service position. However, as of the date of the response, July 8, 2008, no information was provided as to whether any of the ninety-seven women had ever sought and been denied a training or promotion opportunity. Defendants assert that as a consequence, the "promotion class" has no members other than Ms. Strange and Ms. Morris, the two individual plaintiffs.

In response, plaintiff EEOC admits that none of the ninety-seven women has confirmed that she wishes to participate in the class. Plaintiff's Opposition, Dkt. # 150, p. 20. Plaintiff argues, however, that there is no legal requirement that individuals consent to participate as class members in order for the

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT - 7

1  EEOC to proceed with the suit on behalf of the public, and that the lack of consent is not surprising

2  given that many of the women are current Les Schwab employees and do not wish to jeopardize that

3  employment.

4       Plaintiff has cited three cases in support of the proposition that the EEOC may initiate and

5  maintain a suit "even if the individuals for whom it seeks relief disavow the suit and claim to not want

6  relief." *Id*., p. 20.  However, in none of the three cases was this determination made in a Title VII

7  context.  *EEOC v. Johnson & Higgins, Inc.*, 91 F. 3d 1529 (2d Cir. 1996) (ADEA claim); *EEOC v.*

8  *Hernando Bank, Inc.*, 724 F. 2d 1188 (5th Cir. 1984) (Equal Pay Act); *Tony and Susan Alamo*

9  *Foundation v. Secretary of Labor*, 471 U.S. 290 (1985) (Fair Labor Standards Act).   In *Johnson,* the

10  court specifically based its determination on a distinction between Title VII and the ADEA (Age

11  Discrimination in Employment Act, 29 U.S.C. § 631 *et seq*.).  "'[U]nlike the limited authority given the

12  EEOC under Title VII  . . .   the ADEA gives the EEOC authority to investigate *and enforce*

13  independent of individual employee charges.'" *Johnson*, 91 F. 3d at 1537 (*quoting EEOC v. American &*

14  *Efird Mills, Inc.*  924F. 2d 300, 304 (4th Cir. 1992) (emphasis in original).

15       In the absence of any individual, other than the two named plaintiffs, who claims that she asked

16  for and was denied a promotion, the Court finds there is no factual basis for a "pattern and practice"

17  class claim of discrimination in promotion.

18       (3) Anecdotal Witnesses

19

20  Defendants contend that the EEOC lacks competent anecdotal witnesses who can testify at trial

21  in support of the promotion claim.  The parties agreed in February 2009 that each would identify a total

22  of thirty-five witnesses who could potentially testify at trial, subject to Court determinations on

23  admissible evidence and number of witnesses.  This total includes all witnesses for each side, including

24  expert and fact witnesses, and those testifying by deposition.  Declaration of J. Hollingsworth, Dkt. #

25  140, Exhibit G.  Defendants now assert that the EEOC lacks witnesses who can testify as to the

26  promotion claim because not one of the thirty-five witnesses identified by the EEOC is among the

27  ninety-seven individuals identified previously as potential class members.  That is, none of the thirty-

28

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT - 8

five witnesses identified by the EEOC, apart from Ms. Morris and Ms. Strange, worked for defendants; they are all women who applied for a position with Les Schwab and were not hired. They are therefore not part of the pool of employees from which defendants promoted their managers, these witnesses are not competent to testify as to the promotion claim.

In response to defendants' arguments on the anecdotal witnesses, plaintiff identified three potential anecdotal witnesses selected from the list of ninety-seven potential class members. Plaintiff asserts that each of these three women was more qualified to be promoted to management than a male who was actually promoted. However, two of the three (Ms. Adams and Ms. Gray-Grow) were not identified as among the EEOC's thirty-five witnesses, and therefore, pursuant to the parties' agreement they were not deposed and cannot testify. Further, as to these two women, plaintiff has only alleged that they were qualified for promotion, not that they actually applied or asked for promotion. The third witness, Jill Peeler, appears on defendants' own witness list. Declaration of Chelsea Peterson, Dkt. # 173, Exhibit A. Plaintiff EEOC has identified her as a witness who could testify that as a Sales and Service employee she sought promotion, has received the highest quality evaluations, but has yet to be promoted. However, defendants have demonstrated through Ms. Peeler's deposition that the delay in promotion is of her own choosing, as she recently had a baby and her personal goals have changed. *Id*., Exhibit B, pp. 31-32. Ms. Peeler therefore cannot testify that she sought and was denied a promotion, and plaintiff is left with only the two individual complainants as anecdotal witnesses on the promotion claim.

(4) Additional Evidence

Plaintiff contends that there is an abundance of evidence of defendants' discriminatory policies toward women in both hiring and promotion, in the form of the company founder's 1986 book "Les Schwab: Pride in Performance," as well as written policy manuals. Mr. Schwab's book, at least in the passages quoted by plaintiff, does indeed appear to focus on the role of the "man" in the Les Schwab business model. *See*, Declaration of Damien Lee, Dkt. # 151, Exhibit 14. Defendants argue that this book, written over twenty years ago after Mr. Schwab retired from the business, does not set company policy but rather describes the history of the company and the business philosophy of its founder.

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT - 9

1  Defendants also assert that plaintiff EEOC has not demonstrated the actual relevance of this historical

2  document to the claims in this case, which are limited to 2004 and later.  In the absence of specific

3  testimony linking the Les Schwab book to the promotion claim of the class members, the Court finds

4  that it is insufficient to prevent summary judgment on this claim.[1]   Similarly, the Ron White Manager's

5  Book, with its single reference to "ask applicant about family, wife, children, and hobbies" is

6  insufficiently linked to any actual promotion class member to prevent summary judgment on this claim.

7  *Id*., Exhibit 16, p. 10.

8      Plaintiff also cites a section from the Employment Practices Manual, designated as Policy #34,

9  claiming that it demonstrates a climate of discrimination against women.  However, plaintiff has quoted

10  only a portion of the relevant section.  Read in its entirety, it states,

11      Employment Discrimination

12

13      This company has been built on the principle that every individual should be given a fair
       opportunity, and that the best people rise to the top if given that opportunity. <u>Because of

14      the nature of the tire business, applicants for sales and service positions have been almost
       exclusively male.  Applicants for bookkeeping positions have been overwhelmingly female.</u>

15      <u>This historical fact is not the result of company policy or practice, but simply a result of

16      the marketplace</u>.   Both with respect to sales and service positions and with respect to
       bookkeeping positions, the company will hire the most qualified individual regardless of

17      gender.

18

19      It is the firm policy of this company that all employees and applicants for employment will be
       treated fairly and evaluated on their individual merits. Without regard to race, color, religion,
       national origin, gender, family or maternity status, or physical or mental disability.

20

21  Dkt. # 151, Declaration of Damien Lee, Exhibit 17 (emphasis added).  By quoting only the underlined

22  portion of this statement on discrimination in this motion, plaintiff has made it appear to be much more

23  the "glib explanation" than it is in actuality.  Plaintiff's Opposition, Dkt. # 150, p. 7.

24

25      **III.  Motion to Strike**

26

27      [1]This finding is limited to the promotion claim of plaintiff EEOC and does not extend to the
28  EEOC hiring claim or to the claims of the two individual plaintiffs.

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT - 10

In their reply brief, defendants moved to strike certain exhibits submitted by plaintiff as violating the parties' February 19, 2009 discovery agreement on limiting witnesses. That agreement provides that "no party will be permitted to offer the testimony of any witness . . . in connection with any pre-trial Stage I proceeding, including dispositive motions, . . . unless that witness was disclosed in accordance with these agreed procedures." Dkt. # 140, Exhibit G. Defendants ask that Exhibits E, and G to the Declaration of Warren Martin (Dkt. # 149) and Exhibits 22, 24, and 26 to the Declaration of Damien Lee (Dkt. # 151) all be stricken as these exhibits present excerpts of depositions from persons who were not identified as witnesses by either party. The Court declines to adopt plaintiff's argument that this motion is based on a "hypertechnical interpretation of a discovery agreement." Plaintiff's Surreply, Dkt. # 182, p.2. The motion to strike is accordingly GRANTED as to these exhibits and the arguments based on them. The balance of the motion to strike is DENIED without prejudice to renewal if appropriate.

## CONCLUSION

Plaintiff has the burden of proving its claim of discrimination in promotion with admissible evidence. As demonstrated above, plaintiff EEOC has no direct evidence on the promotion claim apart from the testimony of the two individual plaintiffs. Plaintiff's substitute for statistical evidence, the "inexorable zero," is based upon a disregard of the proper analysis for the relevant work force, and therefore is not meaningful. Further, plaintiff has failed to identify potential class members on the promotion claim, and has no competent anecdotal witnesses other than Ms. Strange and Ms. Morris. The testimony of these two witnesses is insufficient to demonstrate a pattern or practice of discrimination in the promotion of women to management positions. Accordingly, defendants' motion for partial summary judgment on this claim is GRANTED and this claim is DISMISSED.

DATED this 3rd day of September, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT - 11