UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER STRANGE, MAGAN MORRIS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LES SCHWAB TIRE CENTERS OF OREGON, INC., et al.,<br><br>Defendants. | CASE NO. C06-045RSM<br><br>ORDER ON MOTIONS IN LIMINE |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LES SCHWAB TIRE CENTERS OF WASHINGTON, INC., et al.,<br><br>Defendants. | |

On September 9, 2009, at the pretrial conference in this matter, the Court heard argument on the pending motions in limine and made preliminary rulings. This Order formalizes those rulings.

ORDER ON MOTIONS IN LIMINE - 1

(1) <u>Defendant's Motion to Exclude References to Les Schwab's Book</u> (Dkt. # 237)

Defendant moved to exclude references to Les Schwab's book, "Pride in Performance: Keep it Going", and the book itself, as hearsay. Plaintiff Jennifer Strange seeks to testify that she was provided a copy of the book when she began working for Les Schwab Tire Centers, and was told to "learn it, live it and love it." The Court has ruled that she may so testify and that the book itself is admissible as evidence, with a limiting instruction to be provided by defendant.

The motion in limine is accordingly DENIED.

(2) <u>Defendant's Motion to Exclude References to Superceded Policy # 34</u> (Dkt. # 239)

Defendant moved to exclude references to, and admission of, a superceded version of Policy #34, regarding workplace discrimination, contending that the pre-December 2002 version is not relevant to the time frame of this lawsuit. However, both individual plaintiffs seek to testify that the earlier version was the one they actually saw posted in the workplace during 2003-2004. The motion in limine is accordingly DENIED.

(3) <u>Plaintiffs' Motions in Limine</u> (Dkt. # 243)

a. Motion to exclude reference to post-charge job offers: the Court directed the parties to present supplemental briefing on this issue, and reserves ruling at this time.

b. Motion to exclude references to plaintiff Morris' knee surgery and medical records: DENIED.

c. Motion to exclude references to plaintiff Morris' relationship with an Assistant Manager: DENIED. This evidence may be relevant to the issue of whether plaintiff Morris would be considered eligible for promotion to Assistant Manager.

On the balance of this motion the parties reached agreement and the Court did not rule.

(4) <u>Defendant's Omnibus Motion in Limine</u> (Dkt. # 263)

a. Documents from Jeff Beba's personnel file: the motion to exclude documents is DENIED as to documents dated before October, 2004, and GRANTED as to later documents.

b. Privilege log: the motion is GRANTED as to the privilege log itself. However, as defendant may have waived privilege as to certain documents identified in the log, the Court will conduct *in camera* review to determine admissibility where appropriate.

c. References to the "inexorable zero": defendant seeks to exclude reference to the number of women employed as managers and assistant managers in the fifty years prior to 2004. Defendant does not dispute that the number was "zero" but argues that this is not relevant to the individual plaintiffs' claims, and would improperly inject "pattern and practice" evidence into the individual plaintiffs' lawsuit. However, the number of women managers during the time they were employed is a fact to which the individual plaintiffs may testify, to the extent each has personal knowledge. Similarly, other witnesses, including defendant's witness Ms. Hueske, may be questioned as to their knowledge regarding the number of female managers in the 2003-2004 time period. Ms. Hueske can also testify to the fact that the number of women in the applicant pool (i.e. Sales and Service employees) was very low or zero, and explain the significance of that fact for promotion of women to management positions.

Defendant's motion in limine regarding the "inexorable zero" is accordingly DENIED.

d. References to events outside the statute of limitations period: Defendant seeks to exclude testimony regarding events that occurred prior to January 11, 2003, the beginning of the statutory period for the individual plaintiffs' hiring and promotion claims under state law. The Court has ruled that the individual plaintiffs may testify to events that occurred prior to that date as part of their history with defendant's company. The motion in limine is accordingly DENIED. However, the verdict form will specify what dates may actually be considered for the purpose of each plaintiff's hiring and promotion claims.

(5) <u>2007 Ethics Point complaint</u> (Dkt. # 265)

Defendants have moved to exclude evidence of a 2007 complaint by an unidentified employee regarding events that occurred in April and May of 2007. This complaint is not relevant to either plaintiff's claim. The motion is limine is accordingly GRANTED.

Dated this 14th day of September, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTIONS IN LIMINE - 3