UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER STRANGE, MAGAN MORRIS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LES SCHWAB TIRE CENTERS OF OREGON, INC., et al.,<br><br>Defendants. | CASE NO. C06-045RSM<br><br>ORDER ON MOTION TO EXCLUDE EXPERT TESTIMONY |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LES SCHWAB TIRE CENTERS OF WASHINGTON, INC., et al.,<br><br>Defendants. | |

This matter is now before the Court for consideration of plaintiff Equal Employment Opportunity Commission ("EEOC")'s motion to exclude the testimony and report of defendants' experts Joseph Lakis and Michael Sinclair. Dkt. # 143. Defendants have opposed the motion. The Court

ORDER ON MOTION TO EXCLUDE
TESTIMONY - 1

deems oral argument on this motion unnecessary and shall, for the reasons set forth below, grant the motion.

## DISCUSSION

EEOC has brought this Title VII action against Les Schwab Tire Centers in seven western states, asserting that defendants discriminated against women in their hiring and promotion practices.[1] Defendants hired Dr. Michael Sinclair, a statistician, and Joseph Lakis, an attorney, both of Employment Advisory Services, Inc. ("AES"), to produce an expert report with statistical analysis of the results of defendants' hiring practices. The report concludes that in each year from 2004 through 2007, defendants employed "on average more women in the Sales and Service position than reasonably would be expected given their availability in the relevant labor market." Declaration of Damien Lee, Dkt. # 133, Exhibit A, p. 3.

In October 2008, shortly after defendant produced the expert report to plaintiff EEOC, Dr. Sinclair left AES to take a position with the U.S. Department of Justice ("DOJ"), Bureau of Justice Statistics. Declaration of Jeffrey Hollingsworth, Dkt. # 176, ¶ 4. As an employee of the DOJ, he is unavailable to testify as an expert witness against an agency of the United States, such as the EEOC.[2] Defendants have accordingly designated Mr. Lakis as the expert to testify regarding the expert report. The EEOC contends in this motion that Mr. Lakis, who is not a statistician,[3] is not qualified to testify regarding the expert report and the methodology behind the conclusions in the expert report.

In opposition to the motion, defendants have discussed Mr. Lakis' fifteen years of experience in preparing "availability analyses", which compare an employer's internal demographics with census data. However, nowhere have defendants asserted that Mr. Lakis is qualified to address or explain the

---

[1] The promotion claim has been dismissed in an Order granting a defense motion for partial summary judgment. Dkt. # 312.

[2] Neither party has cited to the specific DOJ regulation, but other federal agencies have similar prohibitions. *See*, *e.g.*, 15 C.F.R. § 15.18.

[3] Mr. Lakis took one class in statistics as an undergraduate, a class that was memorable in that the class as a whole "was quite confused by the concept of statistics that were [sic] being taught in that class." Declaration of Damien Lee, Dkt. # 144, Exhibit E, pp. 22-23.

ORDER ON MOTION TO EXCLUDE TESTIMONY - 2

methodology chosen and the statistical treatment of the data applied by Dr. Sinclair. Plaintiff EEOC has challenged the assumptions made by Dr. Sinclair, his methodology, and his statistical treatment of the data. In the absence of his availability to explain these matters on cross-examination, his report cannot be submitted as evidence on defendants' hiring practices.

Defendants assert that they offered to make Dr. Sinclair available for deposition to explain his statistical methods in early 2009, and contend that the EEOC waived its right to challenge Mr. Lakis' qualifications by failing to accept this offer. However, this offer was well after Dr. Sinclair went to work for the DOJ, and defendants have not explained how he could actually have been deposed in this case, with the EEOc as the opposing party, at that time.

Plaintiff's motion to exclude Mr. Lakis as an expert on the statistical analysis and methodology used in the Sinclair-Lakis report is accordingly GRANTED.

The Court recognizes that this exclusion may render it necessary for defendants to designate a new expert for the purpose the EEOC's trial, which has been continued to November 2, 2009. In light of that necessity, as well as the continuance of the individuals' trial in this matter to September 28, 2009, the Court shall re-set the trial date for the EEOC Phase I trial into January, 2010. Defendant's Rule 26(a)(2)(B) expert disclosure and report shall be due November 2, 2009 unless the parties stipulate otherwise. A new scheduling Order setting the trial date for Phase I of the EEOC trial shall be issued separately.

Dated this 14th day of September, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION TO EXCLUDE
TESTIMONY - 3