1

2

3

4

5

6

7

8             UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
9                      AT SEATTLE

10   JENNIFER STRANGE, MAGAN MORRIS, on
     behalf of themselves and all others similarly
11   situated,                                          CASE NO. C06-045RSM

12                        Plaintiffs,                   SUPPLEMENTAL ORDER ON
                                                        MOTIONS IN LIMINE
13             v.

14   LES SCHWAB TIRE CENTERS OF OREGON,
     INC., et al.,
15
                         Defendants.
16

17   EQUAL EMPLOYMENT OPPORTUNITY
18   COMMISSION,

19                        Plaintiff,

20             v.

21   LES SCHWAB TIRE CENTERS OF
     WASHINGTON, INC., et al.,
22
                         Defendants.
23

24

25        On September 9, 2009, at the pretrial conference, the Court heard argument on the pending

26   motions in limine and made preliminary rulings.  Those rulings were formalized in an Order filed

27
     SUPPLEMENTAL ORDER ON MOTION IN
28   LIMINE - 1

September 14, 2009. Dkt. # 317. In that Order, the Court reserved ruling on that portion of plaintiffs' motion (Dkt. # 243) which was directed to post-charge job offers made by defendant to the individual plaintiffs. The Court directed the parties to present supplemental briefing on the issue, which is now ready for consideration.

At issue in this motion in limine are offers made by defendant to each plaintiff after she filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The offers, which in each case was an offer of transfer to a "Sales and Service" position in a store different from the one where she worked, were communicated in a November 16, 2004 letter from Kenneth Diamond, counsel for defendants, to Lynn Ellsworth, counsel for plaintiffs. The letter states, in relevant part,

> Now that the company is aware of your clients' concerns, it is offering Jennifer Strange a sales and service position in the Spanaway store and Ms. Morris a sales and service position in the Auburn store. Their schedules will be similar to what they are now. It is a five day work week with one day off between Monday and Saturday and Sunday off. The hours are set between 7:00 a.m. and 6:00 p.m. Training will be performed on the job. Please advise Ms. Strange and Ms. Morris of these offers.

Declaration of Kenneth Diamond, Dkt. # 325, p. 10.

The Court in its preliminary ruling found that these post-charge offers were not relevant to defendants' liability for discrimination, but requested further briefing as to the relevance and admissibility of the offers on the question of damages. In their supplemental brief, defendants argue that the offers are relevant to both liability and to damages, and ask that the full sequence of letters exchanged between counsel be admitted to tell the full story regarding defendants' effort to arrange a meeting with plaintiffs to discuss the offers. Dkt. # 324. Plaintiffs, on the other hand, assert that defendants' arguments with respect to liability amount to an improper motion for reconsideration, and ask that this portion of defendants' brief be stricken. Dkt. # 329. Plaintiffs concede that the offers may be relevant to the issue of damages, but ask that they be admitted with a limiting instruction to the jury. Plaintiffs further contend that the letters themselves should not be admitted, as they are cumulative, and will place counsel on both sides in the position of witnesses. Dkt. # 319, pp. 2-3.

The Court has considered the parties' arguments, and finds that defendants' arguments regarding relevance of the offers to liability need not be stricken, but will be disregarded. The Court declines to

SUPPLEMENTAL ORDER ON MOTION IN LIMINE - 2

reconsider the ruling as to admissibility of the letters on the question of liability. However, as to damages, the offers are relevant, and will be admitted, with a limiting instruction. The parties shall present such limiting instruction along with requested jury instructions. Of the exhibits offered by defendants, only the November 16, 2004 letter will be admitted as an exhibit.[1] The remainder of the letters presented by defendants with the Declaration of Kenneth Diamond (Dkt # 325) are cumulative, offer hearsay, and introduce evidence on many peripheral issues.[2] The conditions and terms of the offers, as well as the responses of the two plaintiffs to the offers, can be introduced through the testimony of appropriate witnesses, such as plaintiffs themselves, and Ms. Hueske, defendants' Vice President of Legal Services and Human Resources. Dkt. # 326.

Accordingly, plaintiffs' motion in limine regarding post-charge job offers (Dkt. # 243) is GRANTED IN PART and DENIED IN PART.


Dated this 22nd day of October, 2009.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[1]The parties should consider whether counsels' names should be redacted from the letter.

[2]This does not constitute a ruling as to whether certain individual letters might be admissible on other issues, such as plaintiff's retaliation and constructive discharge claims.

SUPPLEMENTAL ORDER ON MOTION IN LIMINE - 3