UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

Plaintiff,

v.

LES SCHWAB TIRE CENTERS OF
WASHINGTON, INC., et al.,

Defendants.

CASE NO. C06-0045RSM

ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT ON
PUNITIVE DAMAGES CLAIM

This matter comes before the Court for consideration of defendants' motion for partial summary judgment on plaintiff Equal Employment Opportunity Commission's ("EEOC's") claim for punitive damages. Dkt. # 154. Plaintiffs have opposed the motion. The Court deems oral argument on this motion unnecessary and, for the reasons set forth below shall deny the motion.

DISCUSSION

This is one of five contemporaneous motions for partial summary judgment filed by defendants, three of which are addressed to the EEOC's claims. Dkt. ## 139, 154, 156. The filing of multiple summary judgment motions to circumvent the page limits set in the Local Rules is discouraged, and successive motions may be stricken. Local Rule CR 7(e)(3). The Court has previously ruled on one of the motions (Dkt. # 139), and the remaining motion comprises the allowed twenty-four pages on its

ORDER - 1

own. Dkt. # 156. This motion could be stricken on this basis, but the Court will address it on the merits.

Defendants contend summary judgment is appropriate because plaintiff EEOC has no evidence to support an award of punitive damages, which is available in a Title VII case only where the defendant engages in intentional discrimination "with malice or with reckless indifference to the federally protected rights of an aggrieved individual." Motion for Partial Summary Judgment, Dkt. # 154, p. 3 (quoting *Kolstad v. American Dental Association*, 527 U.S. 526 (1999). Defendants assert that under *Kolstad,* punitive damages are inappropriate where the employer has adopted anti-discrimination policies, has made a good faith effort to educate its employees about those policies, and made a good faith effort to enforce the anti-discrimination policy. *Id.,* p. 4*,* citing *E.E.O.C. v. University of Phoenix*, *Inc.,* 505 F. Supp. 1045, 1059 (D.N.M. 2007)*.*

Under *Kolstad*, defendants "may now establish an affirmative defense to punitive damages liability when they have a bona fide policy against discrimination, regardless of whether or not the prohibited activity engaged in by their managerial employees involved a tangible employment action." *Passantino v. Johnson & Johnson Consumer Products*, 212 F. 3d 493, 516 (9th Cir. 2000). However, defendants failed to plead this as an affirmative defense. Answer to EEOC's First Amended Complaint, Dkt. # 37. As a general rule, the omission of an affirmative defense from the responsive pleading constitutes a waiver of that affirmative defense. *Metcalf v. Golden ( In re Adbox, Inc*.), 488 F.3d 836, 841 (9th Cir.2007). However, the Ninth Circuit has adopted a more liberalized reading of this rule and holds that "[i]n the absence of a showing of prejudice, an affirmative defense may be raised for the first time at summary judgment." *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir.1993) (citing *Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir.1984)). Neither side has addressed the issue of prejudice from defendants' delay in raising the *Kolstad* affirmative defense. Nevertheless, for the purposes of this analysis, the Court will deem the *Kolstad* defense properly raised.

In this circuit,

> [I]t is well established that it is insufficient for an employer simply to have in place anti-harassment policies; it must also implement them." *See*, *Passantino v. Johnson & Johnson Consumer Products*., *Inc*., 212 F.3d 493, 517 (9th Cir. 2000); and *Lowery v.*

ORDER - 2

*Circuit City Stores*, 206 F.3d 431, 446 (4th Cir.2000) ("While an employer's institution of a written policy against race discrimination may go a long way toward dispelling any claim about the employer's reckless or malicious state of mind with respect to racial minorities, such a policy is not automatically a bar to the imposition of punitive damages.") (citation omitted).

*Swinton v. Potomac Corp.*, 270 F. 3d 794, 810-11 (9th Cir. 2001). Thus, not only must the employer show it has an anti-discrimination policy in place, it must also demonstrate that it has implemented the policy in good faith. *Passantino,* 212 F.3d at 517. The purpose of Title VII would be "undermined if those policies were not implemented and were allowed instead to serve only as a device to allow employers to escape punitive damages for the discriminatory activities of managerial employees." *Id*.

Under the *Kolstad* affirmative defense, defendants have the burden of proving that they had "an adequate anti-[discrimination] policy that was implemented in good faith." *Winarto v. Toshiba America Electronics Components, Inc.,* 274 F. 3d 1276, 1291 (9th Cir. 2001); citing *Passantino*, 212 F. 3d at 516-17. In opposing the motion, plaintiffs have produced excerpts from the depositions of seven of defendants managers or former managers, all which arguably call into question defendants' good faith in implementing an anti-discrimination policy.[1] Declaration of Lisa Cox, Dkt. # 203, Exhibits A through F. These managers' testimony indicates a lack of concern over what was essentially a workplace segregated by sex, with an all-male Sales and Service position and an all-female Sales and Administration position. Plaintiffs' Opposition, Dkt. # 186, pp. 4-8. According to these managers, there was no effort made to recruit women into the Sales and Service position, a position from which they could be promoted to a managerial position. *Id*. It also appears there was no procedure in place for reviewing hiring and recruiting practices to ensure compliance with the anti-discrimination policy. *Id*.

---

[1] Defendants have moved to strike three of these deposition excerpts, from Chuck Swafford, Doug Cox, and Steve Vondereau, as presented in violation of a discovery agreement between the parties. That agreement addressed discovery when these proceedings were bifurcated into two stages, liability and damages. Subsequently, defendants moved for separate trials on the claims of the individuals and the claims of the EEOC. Dkt. # 204. The Court granted defendants' motion. Dkt. # 313. Separating the proceedings into two trials based on plaintiffs necessarily did away with the bifurcation of liability and damages proceedings, and the EEOC trial was scheduled to allow time for discovery on damages. Dkt. # 323. As there is no longer a "Stage I" proceeding, the earlier agreement between the parties on discovery no longer serves any purpose. In the interest of addressing the issues put before it in this motion on the merits, the Court will DENY the motion to strike.

ORDER - 3

In reply, defendants have provided different excerpts from the same depositions of six of the same managers, together with two other depositions from higher-level managers, regarding defendants' policies and procedures. Declaration of William Stafford, Dkt. # 207, Exhibits C through H. These excerpts only serve to create an issue of material fact as to defendants' good faith implementation of the anti-discrimination policy. This is a question of fact that remains to be determined by the jury.

Summary judgment should be rendered only "if the pleadings, discovery and disclosure material on file, and any affidavits show there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The evidence is viewed in the light most favorable to the non-moving party. *Id.*

Here, the deposition excerpts offered by the parties create an issue of fact as to defendants' good faith, an issue which requires resolution by the jury. Defendants' motion for partial summary judgment on the EEOC's claim for punitive damages is accordingly DENIED.

Dated this 11 day of January, 2010.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 4